Gregory J. Newman (SBN CA 169057)
gnewman@selmanlaw.com
Hee Sung Yoon (SBN CA 251612)
hyoon@selmanlaw.com
SELMAN BREITMAN LLP
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025-6546
Telephone: 310.445.0800
Facsimile: 310.473.2525

Attorneys for Plaintiff BERKLEY
NATIONAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKLEY NATIONAL INSURANCE COMPANY, an Iowa corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROB DOG MOTORS, INC. DBA AUTO PARK SALES AND SERVICE, a California corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff BERKLEY NATIONAL INSURANCE COMPANY ("Berkley") pleads the following allegations:

## THE PARTIES

1. Berkley is and at all relevant times was, a corporation organized under the laws of the state of Iowa, with its principal place of business in Connecticut. Berkley is and at all relevant times, was authorized to do business as an insurance company in the State of California.

2. Berkley is informed and believes and based thereon alleges that ROB DOG MOTORS, INC., dba AUTO PARK SALES AND SERVICE ("Rob Dog") is a corporation organized under the laws of California, with its principal place of

business in California. Berkley is informed and believes and based thereon alleges that Rob Dog operates a used car dealership in San Luis Obispo, California.

3.  The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1-10, inclusive, are unknown to Berkley, which therefore brings suit against said Defendants by such fictitious names. Berkley will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained. Berkley is informed and believes that each of the Defendants named as DOES 1-10, inclusive, is liable to Berkley or has an interest in this litigation for the matters alleged below.

## JURISDICTION AND VENUE

4.  The Court has original jurisdiction under 28 U.S.C. § 1332(a) since complete diversity exists between the Plaintiff and Defendants as alleged above, and the claims are in excess of $75,000. In this regard, Rob Dog made a demand to Berkley for $250,000 for the damages it purportedly suffered based upon Berkley's alleged breach of the insurance policy and bad faith conduct. Berkley is seeking a declaration that it did not breach any terms of the insurance policy nor breach the implied covenant of good faith and fair dealing.

5.  Venue lies with this Court under 28 U.S.C. § 1391 since one or more defendant resides in this judicial district, a substantial part of the events which are the subject of this complaint took place in this judicial district and the Underlying Lawsuit is pending in this judicial district.

## GENERAL ALLEGATIONS

### The Insurance Policy

6.  Berkley issued to Auto Park Sales and Service insurance policy number QPK 4AA0008712-10, effective January 1, 2018 to January 1, 2019 (the "Policy"). The Policy is a package policy with several first party and third party coverages. The third party liability coverages of the Policy included a Commercial Automobile Coverage Part, Commercial General Liability Coverage Part, Garagekeepers

2

Coverage Part and Acts, Error and Omissions Coverage Part. A true and correct copy of the Policy is attached hereto as Exhibit A, with confidential premium and financial information redacted.

### The Underlying Action

7. On March 1, 2019, Timothy Souchek and Matthew Souchek (collectively "Claimants") filed a complaint against Rob Dog entitled *Timothy Souchek, et al. v. Rob Dog Motors, Inc. dba Auto Park Sales and Service,* Superior Court of California, County of San Luis Obispo, Case No. 19CV-0112 (the "Underlying Action"). A true and correct copy of the complaint in the Underlying Action is attached hereto as Exhibit B. The Underlying Action alleged two causes of action, for breach of implied warranty of merchantability and breach of express warranty.

8. The complaint in the Underlying Action alleged that on March 4, 2018, Claimants purchased a used 2007 Dodge pickup truck (the "Vehicle") from Rob Dog for $26,320.88. Claimants received written and implied warranties from Rob Dog, including that the Vehicle would be free from all defects in material and workmanship and that Rob Dog would perform all repairs, alignments, adjustments or replacements of any parts necessary to ensure the Vehicle was free from all defects.

9. The complaint in the Underlying Action alleged that Claimants took the Vehicle to Rob Dog at least eight times to repair nonconformities. Rob Dog advised Claimants that it would repair and did repair the Vehicle, but it never actually repaired the Vehicle so that it was free from all defects.

10. Under the first cause of action for implied warranty of merchantability, the complaint in the Underlying Action alleged that the Vehicle would be merchantable, but it was not. Claimants demanded Rob Dog take back the Vehicle and refund all sums paid, pay the difference in the value of the Vehicle as sold and the value as if it was in the condition warranted, and pay damages under

1 Commercial Code § 2711, 2714 and 2715.

2   11.   Under the second cause of action for breach of express warranty, the complaint in the Underlying Action alleged that the defects and nonconformities in the Vehicle were covered by the warranty and Rob Dog failed to service or repair the same, which breached the express warranty.

   12.   Rob Dog tendered its defense of the Underlying Action to Berkley. On March 22, 2019, Berkley denied any duty to defend or indemnify Rob Dog from the allegations asserted in the complaint in the Underlying Action.

   13.   On May 21, 2019, Claimants filed a first amended complaint ("FAC") in the Underlying Action, which added a third cause of action for negligent repair. The FAC alleged the same facts as the original complaint, but added a new cause of action, which alleged that Claimants delivered the Vehicle to Rob Dog for repair on numerous occasions, but Rob Dog failed to use ordinary care in the storage, diagnosis and repair of the Vehicle.

   14.   On May 21, 2019, Rob Dog tendered the defense of the FAC to Berkley.

   15.   On June 3, 2019, Berkley sent a letter to Rob Dog stating that it will provide a defense to the FAC in the Underlying Action subject to a reservation for rights under the Garagekeepers Coverage Part of the Policy, based upon new allegations in the FAC that indicated that the Vehicle was damaged while it was being stored. The letter stated that, pursuant to its right to appoint counsel, Berkley retained Kevin Gramling, Esq. of the law firm Klinedinst, P.C. to defend Rob Dog.

   16.   Berkley is informed and believes and based thereon alleges that even though Berkley agreed – and had the exclusive right - to defend Rob Dog in the Underlying Action, Rob Dog would not allow counsel retained by Berkley to control the defense of Rob Dog.  Rather, Rob Dog, through its personal counsel, negotiated and entered into a settlement with Claimants, without Berkley's consent, whereby Rob Dog agreed to rescind the purchase of the Vehicle, reimburse

Claimants their down payment and all payments made toward the Vehicle, pay off the outstanding loan balance and pay an additional $10,000 for Claimants' attorneys' fees and other purported losses. The settlement agreement was signed by Rob Dog on July 31, 2019, and by Claimants on August 1, 2019.

17. On August 9, 2019, Rob Dog, through its insurance coverage counsel, sent Berkley a letter asserting that Berkley had an obligation to defend the original complaint, and therefore breached its duty to defend and the implied covenant of good faith and fair dealing. The letter demanded that Berkley pay $250,000 for all defense costs incurred by Rob Dog, the settlement entered into by Rob Dog in the Underlying Action, fees to recover insurance benefits and other alleged damages.

## FIRST CAUSE OF ACTION

### (Declaratory Relief – Duty to Defend)

18. Berkley hereby incorporates by reference Paragraphs 1-17 as though fully set forth herein.

19. An actual, present and justiciable controversy has arisen and now exists between Berkley and Defendants concerning the rights, duties and obligations owed under the Policy with respect to the Underlying Action.

20. Berkley contends that the original complaint did not allege facts sufficient to trigger Berkley's duty to defend and therefore Berkley never breached its duty to defend. Berkley is informed and believes and based thereon alleges that Rob Dog disagrees with Berkley contentions and believes the allegations asserted in the original complaint in the Underlying Action triggered Berkley's duty to defend.

21. Berkley further contends that it had the right to retain counsel of its own choosing to defend Rob Dog against the FAC, under the terms of the Policy. Berkley complied with its duty to defend when it retained the Klinedinst firm to defend Rob Dog from the FAC in the Underlying Action. Berkley contends that Rob Dog breached the Policy terms, including violating the cooperation clause of the Policy, by not allowing counsel retained by Berkley to control the defense of Rob

Dog. Berkley is informed and believes and based thereon alleges that Rob Dog disagrees with Berkley's contention.

22.     Berkley contends that declaratory relief is both necessary and proper at this time and the court can adjudicate the parties' rights and obligations under the Policy.

## SECOND CAUSE OF ACTION
### (Declaratory Relief – Duty to Indemnify)

23.     Berkley hereby incorporates by reference Paragraphs 1-22 as though fully set forth herein.

24.     An actual, present and justiciable controversy has arisen and now exists between Berkley and Defendants concerning the rights, duties and obligations owed under the Policy with respect to the Underlying Action.

25.     Berkley contends that it has no obligation to indemnify Rob Dog for the settlement since Rob Dog assumed liability and entered into the settlement agreement, without Berkley's consent, while Berkley was defending Rob Dog in the Underlying Action, in violation of the no-voluntary payment provision contained in the Policy.

26.     Berkley also contends that none of the costs that comprise the settlement amount are covered "damages" under the Policy, including: the cost to rescind the purchase of the Vehicle; the reimbursement of all payments made by Claimants towards the Vehicle; the costs to pay off of the loan balance; and Claimants' attorney's fees and other purported losses.

27.     Berkley further contends that the payment of Claimants' attorneys' fees is not covered under the Policy since the Supplementary Payment provision of each of the coverage parts of the Policy specifically excludes coverage for any award of attorneys' fees and costs against Rob Dog.

28.     Berkley is informed and believes, and on that basis alleges, that Defendants dispute Berkley's contentions and incorrectly believe that Berkley has a

duty to indemnify Rob Dog for the settlement in the Underlying Action.

29. Berkley contends that declaratory relief is both necessary and proper at this time and the court can adjudicate the parties' rights and obligations under the applicable Policy.

## THIRD CAUSE OF ACTION

### (Declaratory Relief – Breach of the Implied Covenant)

30. Berkley hereby incorporates by reference Paragraphs 1-29 as though fully set forth herein.

31. An actual, present and justiciable controversy has arisen and now exists between Berkley and Defendants concerning the rights, duties and obligations owed under the Policy with respect to the Underlying Action.

32. Berkley contends that it did not breach the terms of the Policy and therefore cannot be liable for breach of the implied covenant of good faith and fair dealing.

33. Berkley also contends that even if Berkley had an obligation to defend Rob Dog from the allegations in the original complaint, there was a genuine dispute regarding the same, such that Berkley is not liable for breach of the implied covenant of good faith and fair dealing.

34. Berkley further contends that at all times, it acted reasonably and is not liable for breach of the implied covenant of good faith and fair dealing.

35. Berkley is informed and believes, and on that basis alleges that Rob Dog disputes Berkley's contentions and believes that Berkley is liable for breach of the implied covenant of good faith and fair dealing.

36. Berkley contends that declaratory relief is both necessary and proper at this time and the court can adjudicate the parties' rights and obligations under the Policy.

# PRAYER FOR RELIEF

WHEREFORE Berkley prays for judgment as follows:

1. For a declaration that Berkley had no duty to defend Rob Dog from the allegations asserted in the original complaint in the Underlying Action.

2. For a declaration that Berkley had no obligation to indemnify Rob Dog for the settlement reached in the Underlying Action.

3. For a declaration that Berkley is not liable for breach of the implied covenant of good faith and fair dealing with Rob Dog in connection with the Underlying Action.

4. For costs of suit.

5. For such other and further relief as the Court may deem just and proper.

DATED: September 12, 2019     SELMAN BREITMAN LLP

By: /s/ *Gregory J. Newman*
GREGORY J. NEWMAN
HEE SUNG YOON
Attorneys for Plaintiff BERKLEY NATIONAL INSURANCE COMPANY